UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN ADMIRALTY

In Re: Anchorage Yacht Basin, Inc.

ANCHORAGE YACHT BASIN,
INC.,

     Petitioner.

v.                  Case No: 6:24-cv-1305-JSS-DCI

MARCUS EDUARDO PEREZ, SR.,
MICHAEL N. MILLIMACI, and
STONE SPARKES,

     Respondents.
_____/

## ORDER

Respondent Marcus Eduardo Perez, Sr. moves to lift the monition and injunction in this case so he can file a wrongful death complaint in state court to comply with Florida's statute of limitations. (Dkt. 48.) Petitioner, Anchorage Yacht Basin, Inc., and Respondents Michael N. Millimaci and Stone Sparkes oppose the motion. (Dkts. 52, 53, 62.) The court held a hearing on the motion on December 18, 2024. (*See* Dkts. 56, 59, 66.) Upon consideration, for the reasons outlined below, the court denies the motion.

## BACKGROUND

Allegedly, on May 13, 2023, Daniel Perez was a passenger on Petitioner's boat when an incident occurred resulting in his death from drowning. (*See* Dkt. 1 at 2–3;

Dkt. 14 at 8–9; Dkt. 17 at 11–12; Dkt. 24 at 7–9.)  Petitioner states that in May 2024, the Estate of Daniel Perez made a claim against it and other persons related to the death and that "[u]pon reasonable information and belief," the claim "exceeds $100,000, exclusive of interest and costs."  (Dkt. 1 ¶¶ 9–10.)

On July 18, 2024, Petitioner initiated this action in admiralty by filing a complaint for exoneration from or limitation of liability under the Limitation of Liability Act, 46 U.S.C. §§ 30501–30530.  (Dkt. 1.)  Petitioner also filed a stipulation estimating the value of the boat and its pending freight at $11,500.  (Dkt. 3.)  The next day, Petitioner moved for approval of its stipulation, for a monition and injunction requiring any claims arising out of the boating incident to proceed in this action, and for approval of a notice of the monition and injunction.  (Dkt. 5.)  The court granted the motion.  (Dkts. 6, 7, 8.)  The order granting the motion stated:

> The commencement or further prosecution of any action, suit, or proceeding in any court whatsoever, and the institution and prosecution of any suits, actions, or legal proceedings, of any nature or description whatsoever, in any court whatsoever, except in these proceedings, in respect to any claim arising out of or connected with the boating incident set forth in the complaint herein, are hereby **STAYED AND RESTRAINED** until the final determination of this proceeding.

(Dkt. 6 at 3.)

Respondents answered Petitioner's complaint in September 2024.  (Dkts. 14, 17, 24.)  Respondent Perez sues Petitioner to recover damages related to Daniel Perez's death that allegedly arise out of Petitioner's negligence.  (Dkt. 17 at 10–15.)  Respondent Millimaci sues Petitioner for indemnity or contribution.  (Dkt. 14 at 6–

10.) Respondent Sparkes sues Petitioner for indemnity or contribution, breach of contract, and negligence. (Dkt. 24 at 7–17.) Petitioner brings counterclaims for indemnity, contribution, and breach of contract against Respondents Millimaci, (Dkt. 22 at 10–16), and Sparkes, (Dkt. 23 at 14–20).

This case is currently set for a bench trial in July 2026. (Dkt. 32 at 2.) At the hearing on his motion, Respondent Perez emphasized that if the motion is granted, he will file a wrongful death complaint in state court solely to comply with the statute of limitations and will then move the state court to stay the case. In his view, he will thus not proceed on the wrongful death claim in the state court but will instead participate in these admiralty proceedings. Respondent Perez also represented that he will name Petitioner and Respondents Millimaci and Sparkes as defendants in his state action. For their part, Petitioner and Respondent Sparkes stated at the hearing that they do not presently intend to enter into stipulations regarding this case.

## APPLICABLE STANDARDS

A "district court's decision to stay a limitation action arising under the Limitation Act and to modify a related injunction" is reviewed "for abuse of discretion." *Offshore of the Palm Beaches, Inc. v. Lynch*, 741 F.3d 1251, 1257 (11th Cir. 2014) (citing *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 440 (2001), and *Garrido v. Dudek*, 731 F.3d 1152, 1158 (11th Cir. 2013)). The party seeking to modify the injunction bears the burden of showing that modification is warranted. *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992) ("[A] party seeking modification

of a consent decree bears the burden of establishing that a significant change in circumstances warrants revision of the decree. If the moving party meets this standard, the court should consider whether the proposed modification is suitably tailored to the changed circumstance."); *Gov't of Province of Manitoba v. Zinke*, 849 F.3d 1111, 1117 (D.C. Cir. 2017) (applying *Rufo* to modification of an injunction outside the consent-decree context).

## ANALYSIS

"Federal courts have exclusive admiralty jurisdiction to determine whether" a boat's "owner is entitled to limited liability" under the Limitation Act, and "[i]n limitation proceedings, as in all admiralty cases, there is no right to a jury trial." *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1036–37 (11th Cir. 1996). "However, the same statute that grants the federal courts exclusive admiralty and maritime jurisdiction saves to suitors 'all other remedies to which they are otherwise entitled.'" *Id.* at 1037 (quoting 28 U.S.C. § 1333(1)). "Courts have attempted to give effect to both the Limitation Act and th[is] saving to suitors clause whenever possible, by identifying two sets of circumstances under which the damage claimants must be allowed to try liability and damages issues in a forum of their own choosing." *Id.* "The first circumstance arises where the limitation fund exceeds the aggregate amount of all the possible claims" against the boat's owner. *Id.* "The second circumstance exists where there is only one claimant." *Id.*

"In genuine 'multiple-claims-inadequate-fund' cases, the courts have not

allowed damage claimants to try liability and damages issues in their chosen fora, even if they agree to return to the admiralty court to litigate" the boat owner's "privity or knowledge." *Id.* at 1038. "This is because, without a concursus in the admiralty court, the claimants could secure judgments in various courts that, in the aggregate, exceed the limitation fund." *Id.* (alteration adopted and quotation omitted). "In recent years, however, courts have allowed claimants to transform a multiple-claims-inadequate-fund case into the functional equivalent of a single claim case through appropriate stipulations, including stipulations that set the priority in which the multiple claims will be paid from the limitation fund." *Id.* "By entering such stipulations, the damage claimants effectively guarantee" that the boat owner "will not be exposed to competing judgments in excess of the limitation fund." *Id.*

Here, the limitation fund is $11,500. (Dkt. 6 at 1–2.) As Respondent Millimaci observes, (Dkt. 52 at 3), while Respondent Perez has already asserted claims against Petitioner in this action and seeks to sue Petitioner for wrongful death in state court, Respondent Millimaci sues Petitioner for indemnity or contribution, and Respondent Sparkes sues Petitioner for indemnity or contribution, breach of contract, and negligence. (Dkts. 14, 17, 24, 48.) Petitioner alleges that Respondent Perez's claims alone exceed $100,000. (Dkt. 1 ¶¶ 9–10.) The fund thus does not exceed all possible claims. Moreover, there are multiple claimants: Respondents Perez, Millimaci, and Sparkes. Accordingly, this case is a multiple-claims-inadequate-fund case.

The parties have not entered into stipulations regarding their claims and do not

presently intend to do so. (*See* Dkt. 52 at 4–5; Dkt. 53 at 2.) Therefore, this case has not become "the functional equivalent of a single claim case." *See Beiswenger*, 86 F.3d at 1038. It is a "genuine 'multiple-claims-inadequate-fund' case[]," so Respondent Perez should not be allowed to "try liability and damages issues" in another forum. *See id.*; *In re Intrepid Marine Towing & Salvage, Inc.*, No. 8:21-cv-420-CEH-SPF, 2022 U.S. Dist. LEXIS 140978, at *14–16 (M.D. Fla. June 3, 2022) (recommending denial of a motion to lift or stay an injunction because "the limitation fund d[id] not exceed the aggregate amount of all possible claims" and there were multiple claimants), *report and recommendation adopted by* 644 F. Supp. 3d 1013, 1024 (M.D. Fla. 2022). Although Respondent Perez emphasized at the hearing on his motion that he intends to move the state court for a stay once he files his wrongful death complaint, he cannot guarantee that the motion to stay will be granted. In any event, because he has not shown that modification of the injunction is warranted, *see Rufo*, 502 U.S. at 383; *Manitoba*, 849 F.3d at 1117, the court exercises its discretion, *see Offshore*, 741 F.3d at 1257, to deny his motion.

Respondent Perez is concerned that the limitations period for filing a wrongful death claim under Florida law will expire before these admiralty proceedings conclude. (Dkt. 48 at 3.) It appears that the two-year limitations period, *see* Fla. Stat. § 95.11(5)(e), expires on May 13, 2025, (*see* Dkt. 1 ¶ 9 (giving the date of the incident as May 13, 2023)), and this case is set for trial in July 2026, (*see* Dkt. 32 at 2). However, a court hearing a limitation action in admiralty has the power "to adjudicate all of the

demands made and arising out of the same disaster," *British Transp. Comm'n v. United States*, 354 U.S. 129, 138 (1957), including the power "to entertain cross-claims asserted by and between claimants to the limitation fund," *In re La. Swamp Tours, LLC*, No. 04-2786, 2006 U.S. Dist. LEXIS 118362, at *15 (E.D. La. Mar. 21, 2006); *see also Tokio Marine Am. Ins. Co. v. Oil Recovery Co.*, No. 15-0024-WS-C, 2015 U.S. Dist. LEXIS 61159, at *3 n.2 (S.D. Ala. May 11, 2015) ("[A] court hearing a limitation action has [the] power to entertain cross-claims between claimants against the limitation plaintiff." (quotation omitted)). Further, courts have held that "impleader under [Federal] Rule [of Civil Procedure] 14(c) is appropriate in a limitation proceeding." *Marmac, LLC v. Reed*, 232 F.R.D. 409, 412 (M.D. Fla. 2005) (collecting cases).

Respondent Millimaci argues that "[t]he entirety of this matter should be heard and determined by this [c]ourt." (Dkt. 52 at 6.) Given *British Transp. Comm'n*, this court agrees that it can decide any wrongful death claims that Respondent Perez alleges arise from the boating incident at issue. Respondent Perez may have already asserted a wrongful death claim against Petitioner (or the functional equivalent thereof) in this court on September 13, 2024. (*See* Dkt. 17 at 10–15.) However, to the extent that he has not, the court permits him to do so now. If this court decides the wrongful death claim, the limitations period should not bar the claim from proceeding.

## CONCLUSION

Accordingly:

1. The motion to lift the monition and injunction in this case (Dkt. 48) is **DENIED**.

2. If warranted, Respondent Perez may assert claims of wrongful death against Petitioner and Respondents Millimaci and Sparkes in this action by filing the appropriate pleadings on or before January 10, 2025.

**ORDERED** in Orlando, Florida, on December 20, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record