UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN ADMIRALTY

In Re: Anchorage Yacht Basin, Inc.

ANCHORAGE YACHT BASIN,
INC.,

        Petitioner.

v.                                         Case No: 6:24-cv-1305-JSS-DCI

MARCUS EDUARDO PEREZ, SR.,
MICHAEL N. MILLIMACI, and
STONE SPARKES,

        Respondents.
_____/

## ORDER

Respondent Stone Sparkes moves to consolidate this action with the related admiralty action he filed, *Sparkes v. Unknown Potential Claimant(s)*, Case No: 6:24-cv-1863-JSS-DCI, also before the undersigned in this court. (Dkt. 71.) Each action commenced with a complaint seeking exoneration from or limitation of liability under 46 U.S.C. § 30501 et seq. for the same May 2023 boating incident that allegedly resulted in Daniel Perez's death. (*See, e.g.*, Dkt. 1.) Petitioner, Anchorage Yacht Basin, Inc., and Respondents Marcus Eduardo Perez, Sr., and Michael N. Millimaci—who, along with Sparkes, constitute all four parties who have appeared thus far in Sparkes's action—do not oppose the motion to consolidate. (Dkt. 71 at 5.) For the reasons outlined below, the court grants the motion and consolidates the two actions.

Federal Rule of Civil Procedure 42(a) permits a court to consolidate actions before it that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). "A district court's decision under Rule 42(a) is purely discretionary." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). However, the Eleventh Circuit has explained that

> [i]n exercising its discretion, the court must determine[ w]hether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (alteration adopted and quotation omitted); *see also* M. D. Fla. R. 1.07(b) (permitting a party to move for consolidation "[i]f actions assigned to a judge present the probability of inefficiency or inconsistency"). In addition, the court must consider "the extent to which the risks of prejudice and confusion that might attend" consolidation "can be alleviated" for the factfinder. *Hendrix*, 776 F.2d at 1495.

The two admiralty actions at issue concern common questions of law and fact supporting consolidation. The actions commenced with complaints seeking the same relief under the same statute for the same boating incident. They also involve the same parties, district judge, and magistrate judge. Having considered the *Hendrix* factors, the court concludes that consolidation is warranted because the risks of inefficiency and inconsistency without consolidation outweigh the risks of prejudice and confusion with consolidation. As Respondent Sparkes notes, "[i]n situations where there have

been multiple limitation actions filed arising out of the same underlying facts, courts routinely consolidate the matters." (Dkt. 71 at 3.) *See, e.g.*, *Gulley v. Fishing Holdings, LLC* (*In re Operation Bass, Inc.*), No. 1:14-cv-01226-STA-egb, 2017 U.S. Dist. LEXIS 199711, at *17 (W.D. Tenn. Dec. 5, 2017) (reciting as procedural background that the court had consolidated two limitation-of-liability cases based on the same boating incident).

Accordingly:

1. The motion to consolidate (Dkt. 71) is **GRANTED**.
2. The Clerk is **DIRECTED** to consolidate Case No: 6:24-cv-1305-JSS-DCI with Case No: 6:24-cv-1863-JSS-DCI.
3. The court designates Case No: 6:24-cv-1305-JSS-DCI as the lead case such that all filings from this point forward shall be filed in that case.

**ORDERED** in Orlando, Florida, on February 10, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record