UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re:  Anchorage Yacht Basin, Inc.

ANCHORAGE YACHT BASIN, INC.,

                Petitioner,

v.                                                Case No: 6:24-cv-1305-JSS-DCI

MARCUS EDUARDO PEREZ, SR.,
MICHAEL N. MILLIMACI, and
STONE SPARKES,

                Respondents.

_____/

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Petitioner's Motion for Entry of Default Against All Non-Filing Claimants (Doc. 77)** |
| **FILED:** | **February 13, 2025** |
| **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**. | |

By Order dated July 24, 2024, the Court granted Petitioner's motion for approval of its Ad Interim Stipulation, and for an injunction staying the prosecution of any claim from or related to a boating incident.  Doc. 6.  The Court required that all claimants file their respective claims and answers on or before September 15, 2024.  *Id*.  The Court also issued the Monition and Injunction (Doc. 7) and the Notice of Monition and Injunction (Doc. 8) (the Notice).

Pending before the Court is Petitioner's request for entry of clerk's default. Doc. 77 (the Motion).[1] No parties have responded to the Motion, and the time to respond has passed. While the Motion appears to be unopposed, the Court finds that it is due to be denied because it is deficient.

This case arises under Supplemental Rule F, and:

> In cases arising under [Supplemental Rule F], a default judgment will be entered against any potential claimant who has failed to respond to public notice of a complaint for exoneration from and/or limitation of liability within the established notice period so long as the petitioner has fulfilled his obligation to publish notice of the limitation proceeding the Notice expressly and clearly stated the deadline for filing a claim and/or answer and the notice stated that a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer.

*In re Petition of Holliday*, 2015 WL 3404469, at *3 (M.D. Fla. May 26, 2015) (citations and internal quotation and editing marks omitted). With respect to the required notice, the Court issued the following directive:

> A Monition shall issue out of and under the seal of this court against all persons or corporations claiming damage for any and all loss, destruction, damage, injuries, or death allegedly as a result of the occurrences and happenings recited in the complaint, to file their respective claims with the clerk of this court and to serve on or mail to the attorneys for Petitioner copies thereof on or before September 15, 2024. All persons or corporations so presenting claims and desiring to contest the allegations of the complaint shall file an answer to the complaint in this court and shall serve on or mail to the attorneys for Petitioner copies thereof or be defaulted.
>
> A public notice of the monition shall be given by publication as required by Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida, once each week for four successive weeks in a newspaper of general circulation in Brevard County prior to the date fixed for the filing of claims in accordance with Supplemental Rule F. Not later than the date of the second weekly publication, **a copy of the notice** shall be mailed by Petitioner to every person or corporation known by Petitioner to have a claim against Petitioner arising out of the boating incident set forth in the complaint.

---

[1] By Order dated February 10, 2025, the Court directed the Clerk to consolidate Case No: 6:24-cv-1305-JSS-DCI with Case No.: 6:24-cv-1863-JSS-DCI. Doc. 72.

Doc. 6 (emphasis added).

Petitioner has since filed a Notice of Filing Affidavit of Publication which includes a copy of the Notice. Doc. 13. Petitioner now moves for default against all persons and/or entities which failed to file claims by the September 15, 2024 deadline. Doc. 77 at 3. Petitioner represents that Petitioner "published a copy of the Notice in Florida Today, a daily newspaper printed and published in the city of Brevard County, Florida[.]" Doc. 77 at 2 (citing Doc. 13).

The publication in the newspaper appears sufficient, but Petitioner fails to certify that Petitioner also mailed a copy of the Notice in compliance with the Court's Order and Supplemental Rule 4(F). *See* Doc. 77. Instead, Petitioner states:

> On July 22, 2024 and July 25, 2024, pursuant to Supplemental Rule F(4), Petitioner mailed and/or emailed a copy of the Complaint, *Ad Interim* Stipulation, and Monition & Injunction to every known potential claimant and advised them the deadline for filing of an response and/or claim herein was September 15, 2024.

*Id*. at 3. Absent from this statement is any assurance that Petitioner mailed the Notice, and it is the Notice that includes the warning regarding the potential for default. Doc. 8 at 2.[2] And if it is Petitioner's position that it satisfied the notice requirement by only mailing copies of the Monition and Injunction without the Notice, Petitioner has cited no authority to support that proposition. Accordingly, the Court is not persuaded that Petitioner complied with the Court's Order or Supplemental Rule 4(F).

---

[2] Before the consolidation, the Court in Case No. 6:24-cv-1863-JSS-DCI granted the petitioner's motion for Clerk's default, and the Clerk entered default as to all potential claimants who failed to timely file an answer to the complaint. Docs. 41, 43. Notably, in that case the petitioner mailed and/or emailed a copy of the Monition and Injunction **and** the Notice of Monition and Injunction. *See* Doc. 35 at 2.

Based on the foregoing, it is **ORDERED** that Petitioner's Motion (Doc. 77) is **DENIED without prejudice**.

**ORDERED** in Orlando, Florida on March 6, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE