# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**In Re:** Anchorage Yacht Basin, Inc.

**ANCHORAGE YACHT BASIN, INC.,**
        Petitioner,

v.                                                 **Case No: 6:24-cv-1305-JSS-DCI**

**MARCUS EDUARDO PEREZ, SR.,**
**MICHAEL N. MILLIMACI, and**
**STONE SPARKES,**
        Respondents.

## ORDER

By Order dated July 24, 2024, the Court granted Petitioner's motion for approval of its Ad Interim Stipulation, and for an injunction staying the prosecution of any claim from or related to a boating incident. Doc. 6. The Court required that all claimants file their respective claims and answers on or before September 15, 2024. *Id*. The Court also issued the Monition and Injunction and the Notice of Monition and Injunction (the Notice). Docs. 7, 8. On March 6, 2025, the Court denied without prejudice Petitioner's First Motion for Entry of Default Against Non-Filing Claimants because Petitioner failed to certify that Petitioner mailed a copy of the Notice in compliance with the Court's Order and Supplemental Rule 4(F). Doc. 79.

Pending before the Court is Petitioner's Second Motion for Entry of Clerk's Default Against All Non-Filing Claimants. Doc. 80 (the Motion).[1] Specifically, Petitioner seeks entry of

---

[1] By Order dated February 10, 2025, the Court directed the Clerk to consolidate Case No. 6:24-cv-1305-JSS-DCI with Case No. 6:24-cv-1863-JSS-DCI. Doc. 72. As the Court explained, "[e]ach action commenced with a complaint seeking exoneration from or limitation of liability under 46 U.S.C. § 30501 et. seq. for the same May 2023 boating incident that allegedly resulted in Daniel Perez's death." Doc. 72. Before the consolidation, the Court in Case No. 6:24-cv-1863-JSS-DCI granted the petitioner's Motion for Clerk's Default, and the Clerk entered default as to all potential

clerk's default "against all persons and/or entities which have failed to file claims against Petitioners by the deadline of September 15, 2024[.]" *Id*. at 1 to 2.(the Motion). No parties have responded to the Motion, and the time to respond has passed. Local Rule 3.01(c). Accordingly, the Court deems the Motion unopposed.

> This case arises under Supplemental Rule F, and:
>
> In cases arising under [Supplemental Rule F], a default judgment will be entered against any potential claimant who has failed to respond to public notice of a complaint for exoneration from and/or limitation of liability within the established notice period so long as the petitioner has fulfilled his obligation to publish notice of the limitation proceeding the Notice expressly and clearly stated the deadline for filing a claim and/or answer and the notice stated that a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer.

*In re Petition of Holliday*, 2015 WL 3404469, at *3 (M.D. Fla. May 26, 2015) (citations and internal quotation and editing marks omitted). According to the Notice of Monition and Injunction:

> Any and all persons or corporations claiming damage for any and all losses, destruction, or damage arising from or relating to the matters set forth in the complaint shall file their claims . . . on or before September 15, 2024.
>
> Any and all persons or corporations desiring to contest the allegations of Petitioner's complaint shall also file an answer in the United States District Court for the Middle District of Florida and shall serve a copy thereof to the attorneys for Petitioner, on or before September 15, 2024.
>
> **FAILURE TO TIMELY FILE A CLAIM AND/OR ANSWER BY SEPTEMBER 15, 2024, MAY RESULT IN A DEFAULT AND THE WAIVER OF YOUR RIGHT TO FILE A CLAIM AND/OR ANSWER.**

Doc. 8 (emphasis in original). In the Motion, Petitioner represents that Petitioner published the requisite copy of the Notice and "mailed and/or emailed copies of the July 24, 2024 Order, the Monition & Injunction, and Notice of Monition and Injunction to every known potential claimant

---

claimants who failed to timely file an answer to the complaint. Case No. 6:24-cv-1863-JSS-DCI at Docs. 41, 43.

and advised them the deadline for filing an [sic] response and/or claim herein was September 15, 2024." Doc. 80 at 2 to 3.

The Court directed Petitioner to supplement the Motion to address how emailing copies of the public notice of monition complies with the Court's July 24, 2024 Order (Doc. 6), and Supplemental Rule F(4). Doc. 82. Petitioner has filed the supplement and states that its representation of compliance with the Court's July 24, 2024 Order "fails to clearly advise the Court as to the manner in which notice was provided to known claimants in accordance with the direction of the Court." Doc. 83. Petitioner explains that "on July 25, 2024, it served a copy of the July 24, 2024 Order, the Monition & Injunction, and Notice of Monition & Injunction to every known potential claimant and advised them the deadline for filing of an [sic] response and/or claim herein was September 15, 2024 by regular U.S. Postal Service mail and by email to their counsel." *Id*. at 3 (citing Docs. 83-1, 83-2). As such, Petitioner asserts that it has complied with the Court's July 24, 2024 Order because it mailed copies of the public notice of monition. *Id*.

Petitioner also states in the Motion that "[p]rior to expiry of the September 15, 2024, deadline, the following claimants responded to the complaint: Michael M. Millimaci (ECF 14), Estate of Daniel Perez (ECF 17), and Stone Sparkes (ECF 19). No other potential claimants have appeared, responded, or requested more time for response." *Id*. at 3.

Based on the foregoing, it is hereby **ORDERED** that the Motion (Doc. 80) is **GRANTED**. The Clerk is directed to enter default against all potential claimants who have failed to timely file an answer to the complaint.

**ORDERED** in Orlando, Florida on April 28, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE